UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Robert Harvie Payne, | ) | C/A No. 6:12-5-DCN-KFM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **Report and Recommendation** |
| DA Young; Chas Co, | ) | |
| Defendant. | ) | |

Plaintiff Robert Harvie Payne ("Plaintiff"), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Charleston County Detention Center and files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.[1] *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court.

not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Discussion

The above-captioned case concerns Plaintiff's request to have a vegan diet, which Plaintiff alleges is necessary for religious reasons. Plaintiff states that he is an "ordained, practicing total vegetarian vegan ... minister." ECF No. 1 at 1. Plaintiff's request for a vegan diet is the subject of two pending civil actions. *See* pleadings in *Robert Harvie Payne v. CCDC Jailer C. Fennell, et al.*, Civil Action No. 6:11-2011-DCN-KFM, which was filed on August 2, 2011; and pleadings in *Robert Harvie Payne v. D. Young, et al.*, Civil Action No. 6:12-137-DCN, which was filed on January 13, 2012. The undersigned authorized service of process in Civil Action No. 6:11-2011-DCN-KFM on August 30, 2011. The defendants in that action filed a motion for summary judgment on November 28, 2011, and the plaintiff has through February 13, 2012, to respond to the motion for summary judgment. In Civil Action No. 6:12-137-DCN, a Report and Recommendation has been entered on the basis of duplication of causes of action. The disposition of Civil Action No. 6:11-2011-DCN-KFM will be conclusive of whether Plaintiff is constitutionally entitled to a vegan diet.

This Court may take judicial notice of Civil Action No. 6:11-2011-DCN-KFM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the

2

most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

Because the instant action is largely a duplicate filing, it should be summarily dismissed as frivolous and a strike should be entered pursuant to 28 U.S.C. § 1915(g). *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."); *see also* 28 U.S.C. §§ 1915A, 1915(g); *McLean v. United States*, 566 F.3d 391, 397-400 (4th Cir. 2009).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *with prejudice*. Since the Complaint filed in this case is substantially frivolous, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, it is also recommended that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391 (4th Cir. 2009).

*Plaintiff's attention is directed to the important notice on the next page*.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

February 10, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).